```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BECKLEY
```

**CAPITAL GROUP BUILDERS AND**
**CONSTRUCTION, LLC,**

    **Plaintiff,**

v.                                         Civil Action No: 5:06-0119

**BATTEN & SHAW, INC.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

On March 1, 2006, the parties appeared for a hearing to consider defendant's motion to dissolve the temporary restraining order ("TRO") (Doc. No. 4). Having heard from the parties and reviewed the applicable law, the court **GRANTS** defendant's motion to dissolve the TRO (Doc. No. 4) for the reasons outlined below. Further, the court **SCHEDULES** briefing deadlines on defendant's motion to dismiss or to compel arbitration (Doc. No. 2) as follows:

    1.   Plaintiff's response is due Monday, March 13, 2006 and

    2.   Defendant's reply is due Friday, March 17, 2006.

### I. Background

Plaintiff Capital Group Builders and Construction entered into a subcontract ("Subcontract") with defendant Batten & Shaw, Inc., a general contractor. (Doc. No. 1-1, Ex. E.) Defendant is building an operating room addition to the Raleigh General Hospital in Beckley. (Doc. No. 5 at 1.) Plaintiff is a subcontractor responsible for demolition and concrete work, among other things. (Id.) Plaintiff formerly employed approximately seven people to work on defendant's site. (Doc. No. 10, Ex. 1 at

2.)  However, plaintiff's wage bond filed with the West Virginia State Commissioner of Labor only covered two employees, allowing plaintiff legally to employ only two workers on the job.  (Id.)  Defendant believed that two employees were insufficient to staff the job, and by letter dated February 8, 2006, gave plaintiff a 72 hour notice of intent to terminate the Subcontract under Article 19.  (Id.)  Article 19 of the Subcontract permits the contractor to step in and do the subcontractor's work if the subcontractor has failed to perform work with "promptness and diligence."  (Doc. No. 1-1, Ex. E.)

On February 14, plaintiff sued in the Circuit Court of Raleigh County to prevent defendant from terminating the Subcontract.  (Doc. No. 1-1, Ex. A.)  On February 15, the state court granted a TRO.  (See Doc. No. 4, Ex. C.)  Defendant alleges that the state court's TRO is defective because (1) it was issued without any certification of attempts to notify defendant of the proceedings, (2) it fails to specify any irreparable harm, and (3) it is not limited in duration.  (Doc. No. 4 at 2.)

At the hearing on March 1, 2006, defendant argued that plaintiff failed to show that irreparable harm will result without the injunction because plaintiff's claims can be adequately addressed by monetary damages.  Further, defendant argued that it would suffer from the continued operation of the injunction because it causes costly delays in construction.  Even though progress has halted, defendant argued that it continues to be liable for the costs of equipment and materials.

In response, plaintiff argued that defendant's termination of the Subcontract would cause harm to plaintiff's reputation in the eyes of contractors, equipment providers, and creditors. Plaintiff argued that this harm was irreparable because it is a somewhat newly-formed minority contractor seeking to establish a business base. Plaintiff argued that losing the Subcontract under defendant's allegations would make it hard for it to get work in the future. In addition, plaintiff alleged that defendant was in arrears on payments due under the Subcontract, and defendant's refusal to pay it had already harmed its credit rating and ability to pay a wage bond for more employees. At the conclusion of the hearing, the court took the arguments on defendant's motion to dissolve the TRO under advisement and revised the briefing schedule for defendant's motion to dismiss or to compel arbitration as stated above.

## II. Legal Standard

Because the parties had sufficient notice, the preliminary injunction standard is the proper basis for analyzing the continued operation of the TRO. In evaluating whether to grant a preliminary injunction, a court should consider (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. See Blackwelder Furniture Co. v. Seilig Mfg. Co., 550

F.2d 189, 195 (4th Cir. 1977); Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991).

The "likelihood of irreparable harm to the plaintiff" is the first factor that a court should consider. See Blackwelder, 550 F.2d at 195. A court's next step is to balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant. See id. Even when a loss can be compensated by money damages at judgment, extraordinary circumstances may give rise to the irreparable harm required for a preliminary injunction. Hughes Network Sys., Inc. v. Interdigital Comm. Corp., 17 F.3d 691, 694 (4th Cir. 1994).

If the harm balance "tips decidedly in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (internal quotation marks and citation omitted). In other words, the plaintiff's case must at bottom present a "substantial question."

### III. Analysis

The TRO must be dissolved because plaintiff failed to meet the Blackwelder standard. The reputational harm plaintiff alleges is not irreparable. Plaintiff's alleged harms can be compensated by an award of money damages and plaintiff has not alleged any extraordinary circumstances here such as inability to

survive absent a preliminary injunction or unavailability of money damages due to insolvency.

Further, balancing the likelihood of reputational harm to plaintiff against the cost of delays to defendant, the harms do not weigh in plaintiff's favor.  If forced to complete the Subcontract, defendant will likely suffer delays resulting from plaintiff's manpower shortage.  On the other hand, plaintiff's likely losses from alleged damage to its reputation appear speculative.  See Scotts Co. v. United Indus. Corp, 315 F.3d 264, 283 (4th Cir. 2002) (holding that the plaintiff must show irreparable harm that is neither remote nor speculative).  In any event, plaintiff's alleged harms do not tip the balance "decidedly in favor of the plaintiff."

Neither party addressed plaintiff's likelihood of success on the merits or how the injunction would impact the public interest.  After reviewing the record, the outcome is by no means certain.  This said, given the plaintiff's failure to show that the balance of harms weighs in its favor, entry of a preliminary injunction is inappropriate.  Accordingly, defendant's motion to dissolve the TRO is granted.

The Clerk is directed to FAX and mail a copy of this Memorandum Opinion and Order to counsel of record.

It is SO ORDERED this 2nd day of March, 2006.

ENTER:

*David A. Faber*
David A. Faber
Chief Judge